| | | | |
|---|---|---|---|
| AUSA: | Sarah Youngblood | Telephone: | (313) 226-9100 |
| Task Force Officer: | Jacob Weiss | Telephone: | (313) 234-4000 |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br><br>Hugh Alexander CHAMBERS | Case No.  Case: 2:23−mj−30044<br>Assigned To : Unassigned<br>Assign. Date : 2/1/2023<br>USA V. SEALED MATTER (CMP)(CMC) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 14, 2022__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in Possession of a firearm |
| 21 U.S.C. 841(a)(1) | Manufacture, distribute, dispense, possess a controlled substance |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Task Force Officer Jacob Weiss, DEA
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __February 1, 2023__

_____
*Judge's signature*

City and state: __Detroit, Michigan__   Honorable Kimberly G. Altman, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Jacob Weiss, being first duly sworn, depose and state follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Task Force Officer (TFO) assigned to the United States Drug Enforcement Administration (DEA), having been sworn as such since March 2022. I am employed by the Garden City Police Department and have been since December 2019. Prior to Garden City Police Department, I was employed by the Livonia Police Department since January 2017. I have participated in many investigations involving the possession, manufacture, distribution, and importation of controlled substances, as well as methods used to finance drug transactions and launder drug proceeds. I attended schools and have been instructed in many aspects of narcotic investigations and am familiar with the laws promulgated under Title 21 of the United States Code.

2. The facts contained in this affidavit are based on my review of information provided to me by other law enforcement agents, witnesses, and individuals with knowledge of this matter as well as my investigation and review of records and documents. The information provided below is for the limited purpose of obtaining the requested criminal complaint and does not

1

contain all details or all facts of which I am aware of involving this investigation.

3. This affidavit is made in support of an application for a criminal complaint and warrant to arrest Hugh Alexander CHAMBERS for possession of a firearm following a prior felony conviction, in violation of Title 18, United States Code, Section 922(g)(1), possession with intent to distribute methamphetamine in violation of Title 21, United States Code, Section 841(a)(1).

## SUMMARY OF INVESTIGATION

4. CHAMBERS has previously been convicted of the following felony offenses:

- Felony firearms in violation of MCL 750.227b in 2009; and
- Third degree fleeing from police officers in violation of MCL 257.602a(3)(A) in 2020.

5. On or about October 9, 2009, CHAMBERS was sentenced to two years in prison on the 2009 felony firearms violation. A state presentence investigation report indicates that CHAMBERS was discharged on the maximum on August 30, 2011. As such, there is probable cause that CHAMBERS knew he had previously been convicted of a felony offense.

6. On September 13, 2022, the 31st District Court approved a warrant to search XXXXX Kitch, Inkster, Michigan.

7. On September 14, 2022, at approximately 6:50am, agents and officers from DEA Groups 3 and 7 approached the residence on Kitch. The agents and officers wore clothing clearly-marked with the words "POLICE" and/or "DEA." The agents and officers knocked on the front entrance and loudly announced their presence and purpose. No occupant responded. After approximately thirty seconds passed without a response, agents and officers breached the door. Upon entry, I observed a male in the kitchen rummaging through the cabinet underneath the sink. This man was later identified as Hugh Alexander CHAMBERS. I gave CHAMBERS several verbal commands to walk to the front door. CHAMBERS refused.

8. Agents and officers entered the residence and detained CHAMBERS in the kitchen of the residence. CHAMBERS was transported outside of the residence and secured in the rear of a police car.

9. CHAMBERS was the sole occupant of the residence at the time of this search.

10. Agents and officers then searched the residence. Agents and officers recovered two semi-automatic handguns inside of an open cabinet

located beneath the kitchen sink. CHAMBERS had been rummaging in this same cabinet when agents and officers first entered the residence.

11. The first recovered handgun was a black Glock 43, 9mm pistol with the serial number AFNM584. This gun was loaded with six rounds of ammunition inside the magazine, and one round inside of the chamber. This gun had been reported as "lost" by the Novi Police Department on July 21, 2022.

12. The second recovered handgun was a black CZ-P10, 9mm pistol with the serial number C643719. This gun was loaded with ten rounds of ammunition inside the magazine, and one round inside of the chamber. This gun was reported as "stolen" by the Dearborn Heights Police Department on January 17, 2021.

13. In addition to these firearms, agents and officers recovered a large plastic baggie containing 110 gross grams of suspected crystal meth "ICE" inside of a kitchen drawer to the right of the kitchen sink. Inside the same drawer, agents and officers also recovered digital scales and a large vacuum sealed bag, which had been cut opened and contained trace amounts of suspected crystal methamphetamine "ICE."

4

14. In November 2022, a chemical analysis concluded that the suspected crystal meth "ICE" contained methamphetamine hydrochloride with a substance purity of 97%.

15. Approximately two hours later, at about 8:40am, agents and officers concluded the residential search. CHAMBERS was transported to the Garden City Police Department and then lodged in the jail within that Department.

16. At approximately 9:00am, SA Follrod read CHAMBERS his Miranda warnings. CHAMBERS stated that he understood his rights and agreed to speak with agents/officers. Agents then interviewed CHAMBERS.

   a. CHAMBERS said that he ran to hide the two guns (recovered under the kitchen sink) once he realized police were at his front door. CHAMBERS said he has cameras on the exterior and interior of his home because he has been robbed several times due to the marijuana he keeps at the residence. CHAMBERS also told Agents that CHAMBERS traded a small quantity of marijuana for the two firearms.

   b. CHAMBERS admitted to selling crystal methamphetamine.

   c. CHAMBERS stated he received approximately one pound of crystal methamphetamine about one or two weeks prior.

17. I conferred with ATF Special Agent Dusty Hurt, who indicated he is recognized as an expert in the interstate nexus of firearms. SA Hurt indicated that both firearms seized in this case were not manufactured in the State of Michigan. SA Hurt advised that CZ and Glock are not made in Michigan. Therefore, both firearms traveled in or affected interstate or foreign commerce.

## CONCLUSION

18. Based upon the foregoing, there is probable cause to believe that Hugh Alexander CHAMBERS has violated Title 18, United States Code, Section 922(g)(1), possession of a firearm following a prior felony conviction, and Title 21, United States Code, Section 841(a)(1), possession with intent to distribute methamphetamine.

Respectfully submitted,

_____
Jacob Weiss, Task Force Officer
Drug Enforcement Administration

Sworn to before me and signed in my presence
and/or by reliable electronic means.

_____
HON. KIMBERLY G. ALTMAN
United States Magistrate Judge

Date: February 1, 2023

6